UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES JONATHAN MITCHELL,
    Plaintiff,

v.                                         Case No.: 3:22cv23539/MCR/ZCB

JOHN KOLODZIEJ, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Motion for Emergency Preliminary Injunctive Relief." (Doc. 37).[1] For the reasons below, Plaintiff's motion should be denied.

### I.   Background

Plaintiff is incarcerated at the Okaloosa Correctional Institution. Plaintiff has sued eight Florida Department of Corrections (FDOC) officers and medical professionals alleging Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims. (*See* Doc. 34).

On July 3, 2023, Plaintiff filed a motion for a preliminary injunction. (Doc. 37). In his motion, Plaintiff complains that FDOC officials are retaliating against

---

[1] Plaintiff's motion also contains a request for an extension of time to submit service copies of his third amended complaint, which the Court addressed in a separate order (Doc. 38).

1

him and that he has been subjected to an 18-month "oppressive campaign of harassment." (*Id.* at 2). For example, Plaintiff alleges that FDOC staff have retaliated against him for filing grievances by fabricating disciplinary reports, denying him law library access, removing him from church activities, delaying his legal mail, and denying him "recreation." (*Id.* at 3). Plaintiff further alleges that in April of 2023 Assistant Warden Dove threatened to confine Plaintiff if he continued grieving his alleged exclusion from religious activities. (*Id.*). And Plaintiff alleges he was "punched" and "beaten" by other inmates on two occasions in May of 2023. (*Id.*). According to Plaintiff, those assaults were "incited/directed by staff." (*Id.*). Plaintiff also claims that his grievances about these events have been returned for "illegitimate reasons," and that Lieutenant Brooks specifically asked Plaintiff to stop grieving these alleged attacks. (*Id.* at 5). Further, at the time of filing his motion, Plaintiff believed he was being held in administrative confinement "unreasonably," "excessively," and "without the process due." (*Id.*). Plaintiff now seeks the following relief:

> [a]n order commanding all FDOC state actors & Secty Ricky Dixon to cease & desist under penalty of contempt from every form of Retaliation in reprisal to Pla[intiff]'s grievances and this action, especially the fomenting of violence against him. Plaintiff further respectfully requests the prohibition to include immediate cessation of the current abusive confinement . . . for unconstitutional punitive reasons.

(*Id.* at 6).

## II.     Discussion

Plaintiff's motion should be denied because it is based on events that are not closely related to the matters set forth in his complaint.  The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be resolved.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989).  This necessitates that the relief sought in the motion for a preliminary injunction be closely related to the conduct complained of in the actual complaint.  *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Here, the Court already advised Plaintiff that his allegations concerning Plaintiff's exclusion from religious activities were improperly joined with the remaining allegations in his complaint because they were unrelated to the same transaction or occurrence.  (*See* Doc. 15 at 10-11); *see also* Fed. R. Civ. P. 20(a)(2) (stating a plaintiff may join persons as defendants if two requirements are met: (1) the claims asserted against the defendants relate to the same occurrence or series of occurrences; and (2) a question of law or fact common to all defendants will arise in the action).  While Plaintiff removed these allegations from his third amended complaint, it appears Plaintiff is improperly attempting to re-assert them in the present motion for injunctive relief.  (*See* Doc. 37 at 3).  Plaintiff cannot use a motion

3

for a preliminary injunction to obtain relief from allegations not closely related to Plaintiff's complaint. *See Devose*, 42 F.3d at 471.

Plaintiff's motion also asserts that FDOC staff are retaliating against Plaintiff for filing grievances and not disciplining two inmates who allegedly attacked Plaintiff. Even though it appears Plaintiff believes the FDOC staff members' alleged actions described in his motion were taken in retaliation for filing grievances, and potentially the present lawsuit, that does not make the claims closely related. *Davis v. Daniels*, No. 3:20cv5935, 2022 WL 1205329, at *2 (N.D. Fla. Feb. 8, 2022), *adopted by*, 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion for a preliminary injunction not closely related when the plaintiffs believed the defendants were retaliating against them simply because of the underlying lawsuit).

Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in the complaint, his motion should be denied. *See, e.g., Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), *adopted by*, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying a motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Additionally, to the extent Plaintiff seeks a preliminary injunction against non-parties, the Court lacks jurisdiction to grant such relief. Courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks omitted). Plaintiff seeks relief from "all" FDOC officials and Secretary Ricky Dixon—"all" FDOC officials, including Secretary Dixon, are not named as Defendants in Plaintiff's third amended complaint (Doc. 34 at 1). Further, Plaintiff's motion specifically mentions Assistant Warden Dove and Lieutenant Brooks by name, but neither of these individuals appears to be a named party in this case. The Court lacks the authority to enjoin individuals who have not been named as parties. *See, e.g.*, *Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked jurisdiction to grant an injunction against a non-party); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming district court's decision that it lacked jurisdiction to issue a preliminary injunction against a non-party).

Therefore, because Plaintiff's motion for preliminary injunctive relief is comprised of allegations not closely related to Plaintiff's complaint and seeks relief from officials who are not parties to this action, Plaintiff's motion for a preliminary injunction should be denied.

## III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Emergency Preliminary Injunctive Relief" (Doc. 37), be **DENIED to the extent it requests preliminary injunctive relief.**

At Pensacola, Florida this 7th day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**