UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES JONATHAN MITCHELL,
    Plaintiff,

vs.                                                            Case No.: 3:22cv23539/MCR/ZCB

WARDEN JOHN KOLODZIEJ, et al.
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. Plaintiff James Jonathan Mitchell is an inmate of the Florida Department of Corrections (FDOC).

Plaintiff's third amended complaint (the operative pleading) names eight Defendants. (Doc. 34). Three Defendants are employees of the FDOC, and the remaining Defendants are affiliated with the FDOC's private medical contractor (Centurion of Florida, LLC). Plaintiff asserts Eighth Amendment claims of medical deliberate indifference, as well as Fourteenth Amendment equal protection claims against Defendants. (*Id.* at 14-22).

1

The FDOC and Medical Defendants have filed motions to dismiss. (Docs. 70, 72, 171). Both sets of Defendants have also filed motions for summary judgment. (Docs. 196, 207). This opinion will address the motions to dismiss.

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings filed by *pro se* parties are held to a less strict standard than pleadings filed by lawyers and must be construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

In prisoner cases, the Court employs the plausibility standard not only when a defendant files a motion to dismiss, but much earlier in the litigation. When a prisoner files a civil case in federal court, the Court is required to apply the plausibility standard when it performs its statutory duty of screening the complaint. *See* 28 U.S.C. § 1915A (requiring the district court to screen "as soon as practicable after docketing" complaints

in civil actions in which a prisoner seeks redress from a governmental entity or office to ensure that the complaint is neither frivolous nor lacking a cognizable claim); *see also* 28 U.S.C. § 1915(e)(2) (requiring the district court to screen cases brought by plaintiffs proceeding *in forma pauperis*); *Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (holding that the standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)).

In this case, the Court screened Plaintiff's first amended complaint and determined that it suffered from pleading deficiencies. The Court, therefore, issued an order notifying Plaintiff of the pleading deficiencies and providing him an opportunity to correct them by filing an amended complaint. (Doc. 15). Plaintiff then filed a second amended complaint (Doc. 22), and the Court again performed its screening duty. The Court determined that Plaintiff's allegations in the second amended complaint suffered from pleading deficiencies, and it provided him an opportunity to file a third amended complaint. (Doc. 23). Plaintiff then filed a third

3

amended complaint. (Doc. 34). The Court again performed its screening duty and determined the third amended complaint stated plausible claims. (Doc. 35). Thus, the Court ordered service of the third amended complaint. (*Id.*).

The Court's assessment of the plausibility of Plaintiff's claims in the third amended complaint is the same now as it was then. Plaintiff's third amended complaint, when liberally construed and with all allegations assumed to be true, is sufficient to survive a motion to dismiss. Nothing in the motions to dismiss change the plausibility determination that the Court already made when it screened the third amended complaint and determined it should be served.[1]

---

[1] The Court would note that the exhaustion argument made by Defendants lacks merit. Defendants argue that Plaintiff's third amended complaint contains "no allegation or indication he filed any grievances specifically as to Defendants and their denial of Plaintiff's purported grievances." (Doc. 171 at 15; *see also* Doc. 72 at 20). This argument fails because Plaintiff was not required establish that he exhausted. Rather, Defendants—if seeking dismissal for lack of exhaustion—were required to show that he failed to exhaust. *See Maldonado v. Baker Cnty. Sheriff's Office*, 23 F.4th 1299, 1307 (11th Cir. 2022) (recognizing that a plaintiff is not required to "specially plead or demonstrate exhaustion in his complaint"); *see also Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015) (explaining that the "defendants bear the burden of proving that the plaintiff has failed to exhaust"). Defendants have come forward with

Both sets of Defendants have now filed motions for summary judgment, which argue that they are entitled to judgment as a matter of law on Plaintiff's claims. Those summary judgment motions are based on information learned in discovery and contain information and arguments that go beyond those raised in the motions to dismiss.[2] The case should be permitted to proceed to the summary judgment stage where the Court can consider Defendants' arguments regarding the viability of Plaintiff's claims on a more fully developed record and without the constraints imposed by the Rule 12(b)(6) standard.

---

nothing in support of their motions to dismiss (i.e., FDOC grievance records, copies of grievances, or affidavits from grievance processors) to prove that Plaintiff failed to exhaust. Thus, Defendants' exhaustion arguments lack merit. Similarly lacking merit is the qualified immunity argument raised by the FDOC Defendants (*see* Doc. 70 at 18-19). Contrary to the FDOC Defendants' conclusory argument, the allegations in Plaintiff's third amended complaint (when assumed true and construed liberally) are sufficient to state plausible violations of constitutional rights that were clearly established. *See, e.g., McElligott v. Foley*, 182 F.3d 1248, 1260 (11th Cir. 1999) (finding that prison officials' duty under the Eighth Amendment to not act with deliberate indifference to prisoner's serious medical needs was clearly established).
[2] Because motions for summary judgment are pending where Defendants' arguments can and will be considered on a more fully developed record, the interests of judicial efficiency counsel against the Court issuing a lengthy opinion on the motions to dismiss.

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendants' motions to dismiss (Docs. 70, 72, 171) be **DENIED**.

2. This case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 22nd day of July 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.