## UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

JAMES JONATHAN MITCHELL,
    Plaintiff,

v.                                                                          Case No.:  3:22-cv-23539/MCR/ZCB

JOHN KOLODZIEJ, et al.,
    Defendants.

_____/

### <u>ORDER</u>

The Magistrate Judge issued a Report and Recommendation on February 10, 2025.  *See* ECF No. 236.  The Court furnished the parties a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  I have made a *de novo* determination of all timely filed objections.

Having considered the Report and Recommendation, and any timely filed objections thereto, I have determined the Report and Recommendation should be adopted in part, to the extent it recommends granting partial summary judgment in favor of Defendants, but the Court will not *sua sponte* dismiss Mitchell's remaining medical malpractice and negligence claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See* Fla. Stat. § 766.106(1)(a) (defining a "'claim for medical negligence' or 'claim for medical malpractice'" as "a claim, arising out of the rendering of, or the failure to render, medical care or services.").

To bring a medical negligence or malpractice claim under Florida law, a plaintiff must comply with certain statutory pre-suit requirements, which include mailing a notice of an intent to sue to prospective defendants, Fla. Stat. § 766.106(2)(a), and, in many (but not all) cases, furnishing an affidavit from a medical expert establishing that "reasonable grounds [exist] to support the claim of medical negligence," *id.* at § 766.203(2), with that pre-suit notice. *Cf. Martinez v. Perez Ortiz*, 346 So. 3d 744, 747 (Fla. 2d DCA 2022) ("However, if the corroborating affidavit is not provided contemporaneously with the notice of intent to initiate litigation, the plaintiff can cure this deficiency by providing the affidavit before the expiration of the statute of limitations."). Magistrate Judge Bolitho decided that, because Mitchell failed to allege in his Third Amended Complaint (or otherwise demonstrate) that he had provided a pre-suit corroborating medical opinion to Defendants, his claim must be dismissed. In his objection, Mitchell avers that he requested permission from prison authorities to consult with a medical expert—but that request was never acted on. *See* ECF No 239 at 20–21; *see also* ECF No. 85-1. Mitchell argues that dismissal based on his putative failure to comply with at Fla. Stat. § 766.203(2) is improper under these circumstances.

The Court is not satisfied that dismissal of Mitchell's medical malpractice and negligence claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate at this time. The Florida Supreme Court has explained that "the [pre-suit] process was

CASE NO.:  3:22-cv-23539/MCR/ZCB

created to facilitate the expedient, and preferably amicable, resolution of medical malpractice claims." *Morris v. Muniz*, 252 So. 3d 1143, 1151 (Fla. 2018) (internal citations and quotations omitted).  But because the pre-suit requirements predictably screen out certain malpractice claims, the Florida Supreme Court instructs that "the requirements of the [pre-suit] process must be 'interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts.'" *Id.* (citation omitted); *see also Rodriguez v. Nicolitz*, 246 So. 3d 550, 553 (Fla. 1st DCA 2018) ("While these [pre-suit] requirements are conditions precedent to a malpractice suit, the provisions of the statute were not intended to deny access to the courts on the basis of technicalities.") (citation omitted).  The statutory requirement that a claimant submit a corroborating affidavit from a medical expert necessarily presumes that the claimant can *actually* access an expert capable of opining on the clinical aspects of his/her case.  This is best exemplified by a related provision of Florida's pre-suit screening system, Fla. Stat. § 766.204(2), that relieves a claimant who is denied medical records from his/her obligation to deliver a pre-suit corroborating medical opinion.  *See id.* ("Failure to provide copies of such medical records . . . constitute[s] evidence of . . . [non]compl[iance] with good faith discovery

CASE NO.:  3:22-cv-23539/MCR/ZCB

requirements and . . . waive[s] the requirement of written medical corroboration by the requesting party.").[1]

It stands to reason, therefore, that Mitchell's jailers cannot prevent him from consulting with a medical expert and then subsequently wield that "failure" as procedural bar to any medical malpractice and negligence claims. *See Weinstock v. Groth*, 629 So.2d 835, 838 (Fla. 1993) ("[T]he purpose of the chapter 766 [pre-suit requirements] is to alleviate the high cost of medical negligence litigation through early determination and prompt resolution of claims, not to deny access to the courts to plaintiffs.").[2]  Earlier in the case, Mitchell submitted documentation showing that he initially requested for certain Defendants to permit "a verified medical expert to come interview him," *see* ECF No. 85-1 at 1, at his place of incarceration.  As Mitchell tells it, prison officials subsequently refused to do so.  *See* ECF No. 239 at 20–21.  Prison officials certainly had no statutory obligation, contrary to Mitchell's suggestion, to locate or schedule an expert witness on his behalf to meet with

---

[1] To be sure, even in this situation, an action for medical negligence is vulnerable to dismissal unless it "rests on a reasonable basis." *Martin Mem. Med. Ctr, Inc. v. Herber*, 984 So. 2d 661, 663 (Fla. 4th DCA 2008) (citing Fla. Stat. § 766.206).  To withstand a motion to dismiss, the claimant must prove that he "conducted a good faith investigation and has a reasonable claim without a corroborating affidavit . . . ." *Id.*; *see also* Fla. Stat. § 766.206(2).

[2] This is not to suggest that incarcerated individuals needn't comply with Florida's statutory pre-suit notice and investigation requirements in medical negligence and malpractice claims because it may be more difficult to do so from prison, *see Gross v. White*, 340 F. App'x 527, 532 (11th Cir. 2009), but only that prison authorities, who exercise complete dominion over inmate liberty and movement, cannot render compliance impossible by preventing an inmate from procuring a corroborating expert affidavit.

CASE NO.:  3:22-cv-23539/MCR/ZCB

him. *Id.* So, if the prison officials' "refusal" was limited to failing to respond to Mitchell's initial request, that is not sufficient to rise to the kind of denial that would have made it impossible for him to have complied with the statute's strictures. But, reading Mitchell's objection liberally, it's not entirely clear that this was the extent of the alleged interference. *Id.* Other facts, which were not presented to Judge Bolitho given the nature of the parties' arguments at summary judgment (and are therefore not before the Court), could demonstrate that prison officials indeed made Mitchell's compliance impossible. Therefore, the Court will not, at this time, dismiss Mitchell's remaining claims on the narrow grounds recommended, and will instead recommit the matter to Judge Bolitho for further consideration consistent with this Order.

Accordingly, it is **ORDERED**:

1.    The Report and Recommendation, ECF No. 236, is adopted in part.

2.    The Defendants' Motions for (Partial) Summary Judgment, ECF Nos. 196 & 207, are **GRANTED**.

3.    The Report and Recommendation is **NOT ADOPTED** to the extent it recommends *sua sponte* dismissal of Plaintiff's medical malpractice and negligence claims under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court recommits this matter to Magistrate Judge Bolitho to determine whether prison authorities prevented Plaintiff from securing a corroborating affidavit from a medical expert, and if so, how. If

CASE NO.:  3:22-cv-23539/MCR/ZCB

Plaintiff was not blocked from securing a corroborating affidavit by prison officials, he must show cause as to why his remaining medical malpractice and negligence claims should not be dismissed.  Plaintiff and Defendants must each be afforded the opportunity to brief these issues, and if there is a factual dispute between the parties, the Magistrate Judge should conduct an evidentiary hearing to resolve any dispute(s).  Another report and recommendation detailing the Magistrate Judge's findings, reasoning, and conclusion should follow.

3.     The Clerk of Court is directed to recaption the docket to reflect "Defendant D. Dunn" as "Defendant Daiquri Duncan."

**DONE AND ORDERED** this 31st day of March 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO.:  3:22-cv-23539/MCR/ZCB